**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| NOELANI HOLT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS HEALTH CORPORATION, a foreign profit corporation; WASHINGTON CVS PHARMACY, L.L.C., a Washington limited liability company; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No. 2:26-cv-02926<br><br>**NOTICE OF REMOVAL**<br><br>*Removed from the Superior Court of the State of Washington in and for the County of King, Case No. 26-2-22679-2 SEA* |

PLEASE TAKE NOTICE that Defendants CVS Health Corporation and Washington CVS Pharmacy, L.L.C. ("CVS" or "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove the above-captioned action, *Noelani Holt v. CVS Health Corporation, Washington CVS Pharmacy, L.L.C. and Does 1 through 20,* Case No. 26-2-22679-2, from the Superior Court of the State of Washington in and for King County to the United States District Court for the Western District of Washington at Seattle. In support of this Notice of Removal, Defendants submit the following:

## I. STATEMENT OF JURISDICTION

1. This Court has jurisdiction over this action under CAFA, which amended 28 U.S.C. § 1332, to provide that a putative class action may be removed to federal court if the



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

proposed class consists of at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and one member of the proposed class is a citizen of a state different from that of one defendant. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. This action meets all the CAFA removal requirements and is timely and properly removed by the filing of this Notice.

2. Defendants deny any and all liability in this case, both as to Plaintiff's individual claims and as to the claims she seeks to pursue on behalf of a putative class. Solely for purposes of the jurisdictional requirements for removal under the CAFA, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

## II. PROCEDURAL BACKGROUND

3. On July 15, 2026, Plaintiff Noelani Holt ("Plaintiff") filed a Class Action Complaint in King County Superior Court, where it was assigned Case No. 26-2-22679-2 SEA ("State Court Action"). **Exhibit A** ("Complaint").

4. True and correct copies of all additional records filed in the state court as of July 15, 2026, are being filed in this Court as attachments to the Verification of State Court Records as required by LCR 101(b)(5).

5. Plaintiff purports to bring this action as a putative class action. Complaint ¶¶ 1, 27. Plaintiff seeks to represent all "persons employed by CVS Health Corporation or Washington CVS Pharmacy, L.L.C. in Washington as non-exempt employees from July 15, 2023, through the date of certification of the Class." *Id.* ¶ 27.

6. Plaintiff asserts four causes of action against Defendants for alleged (1) failure to provide meal periods, (2) failure to provide rest periods, (3) wage theft, and (4) failure to furnish accurate wage statements. *Ibid.* ¶¶ 36-63.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

7. Plaintiff seeks compensatory damages including unpaid wages, exemplary damages based on the alleged willful withhold of wages, and attorneys' fees and costs. *Ibid.* ¶¶ 36-63; see also Prayer for Relief ¶ 64(b)-(d).

## III. TIMELINESS OF REMOVAL

8. Notice of removal is timely if it is filed within 30 days after the service of the complaint or summons—"[t]he notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant . . . ." 28 U.S.C. § 1446(b)(1). The service of process that triggers the 30-day period to remove is governed by state law. *Whidbee v. Pierce Cty.*, 857 F. 3d 1019, 1023 (9th Cir. 2017) ("When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law.").

9. On July 16, 2026, Plaintiff served a copies of the Summons, Complaint, Case Information Cover Sheet and Area Designation, and Order Setting Civil Case Schedule on Defendants by process server. **Exhibit B**.

10. Defendants file this Notice of Removal on August 17, which is within the applicable removal period following service of the Summons and Complaint. *Id.* ¶ 3.

11. No further substantive proceedings have been had in the state court. Pursuant to Western District of Washington Local Civil Rule ("LCR") 101(b), Defendants will file true and correct copies of all additional records and proceedings in the state court together with counsel's verification of such.

12. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely because it is filed within 30 days after service of the Complaint on Defendants. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief herein.

//



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

## IV. VENUE

13. This Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a).

14. Removal is proper to the Western District of Washington at Seattle because it is the district and division embracing King County, Washington. *See* LCR 3(e)(1).

## V. GROUNDS FOR REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

15. This Court has original jurisdiction of this action pursuant to CAFA and the case is properly removed in accordance with 28 U.S.C. §§ 1332 and 1441.

16. Plaintiff purports to represent the following putative class: all "persons employed by CVS Health Corporation or Washington CVS Pharmacy, L.L.C. in Washington as non-exempt employees from July 15, 2023, through the date of certification of the Class." Ex. A ¶ 27.

17. Plaintiff alleges on a classwide basis that Defendants (1) failed to provide meal periods, *id*. ¶¶ 36-44, (2) failure to provide rest periods, *id*. ¶¶ 45-54, (3) engaged in wage theft, *id*. ¶¶ 55-58, and (4) failed to furnish accurate wage statements, *id*. ¶¶ 59-63.

18. CAFA defines a class action as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought under one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Here, Plaintiff alleges claims on behalf of a putative class. Plaintiff states: "Pursuant to Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of a Class" Ex. A ¶ 27. Washington Civil Rule 23 is similar to Federal Rule of Civil Procedure 23. *Compare* Fed. R. Civ. P. 23(a), (b)(3), with Washington CR 23(a), (b)(3). Therefore, this lawsuit satisfies CAFA's class action requirement.

19. Removal of a class action under CAFA is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**A. The Putative Class Consists of More than 100 Members.**

20. This action satisfies CAFA's requirement that the putative class contain at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

21. Plaintiff has alleged a class as identified in the preceding section. *See* Ex. A ¶ 27.

22. Plaintiff alleges that the number of class members is significant enough that a class action is the superior method of determining liability. *Id.* ¶ 34.

23. Defendants have accessed Human Resources ("HR") data that they maintain in the ordinary course of business and pursuant to their regular practices to identify current and former non-exempt employees subject to Plaintiff's putative class definition. *See* Ex. A ¶ 27. For purposes of removal only, and without waiving arguments or defenses regarding class scope or class certification, Defendants have employed at least 2,343 current and former non-exempt employees within the State of Washington since July 15, 2023. *See* Declaration of John Jackson in Support of Notice of Removal ("Jackson Decl.") ¶ 5.

24. Accordingly, while Defendants deny class treatment is permissible or appropriate, Defendants' records confirm the putative classes as defined contain more than 100 members for CAFA purposes.

**B. Minimal Diversity Exists between Defendants and Plaintiff.**

25. CAFA requires minimal diversity, meaning that only one member of the putative class must be diverse from only one defendant. 28 U.S.C. § 1332(d)(2)(A).

26. **Citizenship of Plaintiff.** For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). Plaintiff asserts that she is a resident of Snohomish County, Washington. Ex. A ¶ 4. Plaintiff is therefore considered a citizen of Washington for CAFA purposes. *See Lew v. Moss*, 797 F. 2d 747, 751 (9th Cir. 1986) (allegations of residency in state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship).



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

27. Defendants are corporations, not states, state officials, or other government entities exempt from CAFA. The requirement of 28 U.S.C. § 1332(d)(5)(A) is therefore satisfied.

28. **Citizenship of Defendants.** A "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28. U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77 (2010). As of the date the Complaint was filed in the state action and as of the date of this removal, CVS Health Corporation is incorporated and organized under the laws of Delaware and has its principal place of business in Rhode Island. Jackson Decl. ¶ 2. Washington CVS Pharmacy, L.L.C. is incorporated and organized under the laws of Washington and has its principal place of business in Rhode Island. *Id.* ¶ 3. Defendants' executive officers maintain their offices at headquarters in Rhode Island, where they direct, control, and coordinate Defendants' activities. Thus, for removal purposes, Defendant CVS Health Corporation is a citizen of Delaware and Rhode Island, and Defendant Washington CVS Pharmacy, L.L.C. is a citizen of Rhode Island and Washington.

29. Accordingly, at least one member of the putative class (Plaintiff) is a citizen of a state different than at least one defendant (CVS Health Corporation). Plaintiff is a citizen of Washington. Defendant CVS Health Corporation is a citizen of Delaware and Rhode Island. Minimal diversity jurisdiction thus exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

30. Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co*., 615 F. 2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

named defendant”). Indeed, the presence of alleged “Doe” defendants in this case has no bearing on diversity of citizenship for removal. Thus, the existence of “DOES 1 through 20” in the Complaint does not deprive this Court of jurisdiction. *See* Ex. A ¶ 7; *Abrego Abrego v. Dow Chemical Co.*, 443 F. 3d 676, 679–80 (9th Cir. 2006) (rule applied in CAFA removal).

**C. The CAFA Amount in Controversy Exceeds $5,000,000.**

31. Although Defendants deny Plaintiff’s claims have any merit, Defendants aver, for purposes of meeting the jurisdictional requirements for CAFA removal only, that if Plaintiff was to prevail on his claims and allegations in the Complaint on behalf of the putative class, the requested monetary recovery would exceed $5,000,000.

32. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific aggregated amount of damages, a removing party need only show it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 376 (9th Cir. 1997); *see also Henry v. Cent. Freight Lines, Inc.*, 692 F. App’x 806, 807 (9th Cir. 2017) (“[T]he amount in controversy is simply an estimate of the total amount in dispute”). In removing an action pursuant to CAFA, “a defendant’s notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.” *Arias v. Residence Inn by Marriott*, 936 F. 3d 920, 924-25 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)).

33. The amount in controversy includes all amounts that Plaintiff may recover based on the allegations in the complaint, regardless of whether those damages arose before or after removal. *Chavez v. JPMorgan Chase & Co.*, 888 F. 3d 413, 417 (9th Cir. 2018) (“That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy”). Put



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

differently, the amount in controversy "encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414.

34. Here, Plaintiff's Complaint does not identify an amount in controversy, but the amount in controversy more likely than not exceeds $5,000,000 based on Plaintiff's claims and associated attorneys' fees, as set forth below.

35. Since July 15, 2023, Defendants have employed at least 2,343 current and former non-exempt employees within the State of Washington. Jackson Decl. ¶ 5. These 2,343 non-exempt employees had an hourly pay rate ranging from $22.00 to $43.00, with an overall average at $23.44. *Id.* ¶ 6. Based on the pay records to date, the putative class have worked a total number of at least 100,978 workweeks since July 15, 2023. *Id.* ¶ 7.

**a. Meal Period Claim.**

36. Plaintiff's first cause of action seeks classwide recovery for alleged meal period violations. Ex. A ¶¶ 36-44. Plaintiff alleges "at times" Defendants failed to provide first meal periods. *Id.* ¶ 19. Plaintiff also alleges that "on occasion" Defendants failed to provide second meal periods. *Id.* ¶ 20. Plaintiff does not limit the number of alleged meal period violations, nor has she offered any evidence that she or other putative class members missed less than two legally required meal periods per workweek.

37. Accordingly, Defendants conservatively assume (without admitting) for removal purposes only that putative class members may have missed two meal periods per workweek. Indeed, district courts have consistently upheld higher assumptions of meal period violations as plausible for determining the amount in controversy, where the complaint does not limit the amount of violations alleged in the Complaint. *See, e.g., Wheatley v. MasterBrand Cabinets, LLC*, No. EDCV182127JGBSPX, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding an estimate of five meal period and three rest break violations per week reasonable where Plaintiff alleged "a policy and practice" of meal and rest break violations); *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) ("Defendant conservatively assumed the putative class



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

members were not provided … three of ten rest periods they were entitled to receive each work week, even though assumption of a 100 percent violation rate may have been reasonable based on allegations in the Complaint. The Court therefore … finds Defendant's assumed violation rates reasonable"); *Agredano v. Sw. Water Co.*, No. CV 17-02627 SJO (EX), 2017 WL 2985395, at *6 (C.D. Cal. May 30, 2017) ("Plaintiff does not limit the number of violations alleged in his FAC, nor has she offered any evidence that she or other putative class members missed fewer than five legally required meal breaks per week. Thus, the Court finds that 'Plaintiff's own complaint alleges universal violations of meal ... period laws' such that Defendant's 'use of a 100% violation rate [five missed meal periods] is proper.'"); *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK (JCx), 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (finding that where plaintiff alleged defendant maintained "policies, practices and procedures" causing violations of rest period law, it is reasonable to assume a 100% violation rate for estimating the amount in controversy"); *Lopez v. Aerotek, Inc.*, No, SACV 14-00803-CJC, 2015 WL 2342558, at *2 (C.D. Cal. May 14, 2015) (finding Defendant's estimate of the amount in controversy was reasonable, "[s]ince Plaintiff appears to be seeking 10 hours of premium pay per class member per workweek (consisting of 2 hours each of workday's meal and rest violation, multiplied by 5 workdays)".

38. Although Defendants deny they failed to provide Plaintiff or any of the putative class members with meal periods, Defendants assume, for purposes of removal only, at least two (2) meal period violations per workweek for each putative class member. Based on this calculation, the amount in controversy for Plaintiff's unpaid meal period claim would be $1,187,127 [each putative class members' hourly rate x 30 minutes x 100,978 workweeks x 2 alleged violations]. Here, Plaintiff seeks double damages for alleged willful wage withholding. Ex. A ¶¶ 55-58; *see also* Prayer for Relief ¶ 64(c). Thus, if alleged meal period damages are doubled as willful withholding, the total amount in controversy for alleged meal period pay is $2,374,254.19.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**b. Meal Period "Additional Compensation" Claim.**

39. As a separate category of alleged damages for meal periods, Plaintiff seeks an "additional" 30 minutes of pay for each supposed violation. Ex. A ¶¶ 40-41 ("A meal period violation is a wage violation, with employees entitled to 30 minutes of additional compensation for each instance they are required to work more than five consecutive hours without a compliant meal period.") Using the same math as the preceding section, Plaintiff's claim for "additional" meal period damages would be $1,187,127 [each putative class members' hourly rate x 30 minutes x 100,978 workweeks x 2 alleged violations]. Here, Plaintiff seeks double damages for alleged willful wage withholding. Ex. A ¶¶ 55-58; *see also* Prayer for Relief ¶ 64(c). Thus, if alleged "additional" meal period damages are doubled as willful withholding, the total amount in controversy for alleged meal period pay is $2,374,254.19.

**c. Rest Break Claim.**

40. Plaintiff's second cause of action seeks classwide recovery for alleged rest break violations. Ex. A ¶ 45-54. Plaintiff alleges that "at times" Defendants required Plaintiff and putative class members to work without rest periods and "at times" Plaintiff and putative class members did not take rest periods in a duration of at least 10 minutes. *Id.* ¶¶ 13-14. In his Complaint, Plaintiff does not limit the number of alleged rest break violations, nor has she offered any evidence that she or other putative Class Members missed less than one legally required rest break per workweek.

41. Although Defendants deny that they failed to provide Plaintiff or any of the putative class members rest breaks, Defendants assume for purposes of removal only that Plaintiff alleges at least one (1) rest break violation per workweek for each putative class member. Based on this calculation, the amount in controversy for Plaintiff's rest break claim would be $197,855 [each putative class members' hourly rate of pay x 10 minutes x 100,978 workweeks x 1 alleged violation]. Plaintiff seeks double damages for alleged willful wage withholding for rest breaks. Ex. A ¶¶ 55-58; see also Prayer for Relief ¶ 64(c). Thus, if the



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

alleged rest break damages are doubled, the total amount in controversy for rest breaks is $395,709.03.

**d. Claim for Attorneys' Fees.**

42. Plaintiff seeks attorneys' fees as part of this action. *See* Ex. A Prayer for Relief ¶ 64(d). Requests for attorneys' fees must also be considered in ascertaining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."); *Longmire v. HMS Host USA, Inc.*, No. 12CV2203 AJB DHB, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA").

43. In the Ninth Circuit, courts generally award attorneys' fees in the 25% range in class actions. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1029 (9th Cir. 1998) *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 (2011) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees") (citing *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F. 2d 1301, 1311 (9th Cir. 1990)); *Wheatley*, 2019 WL 688209, at *6 (finding that an estimate of attorney's fees of 25% reasonable); *Ramos v. Schenker, Inc.*, No. 5:18-CV-01551-JLS-KK, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]he 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F. 3d 1249, 1256–57 (9th Cir. 2000) ("We have also established twenty-



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach").

44. Assuming a fee award of 25% of damages if Plaintiff prevails on his classwide claims, the potential attorneys' fees would total at least $1,286,054.

45. Although Defendants deny Plaintiff's allegations that she or any of the putative class members are entitled to any relief, based on Plaintiff's allegations and Prayer for Relief, and a conservative estimate based on those allegations, the total amount in controversy for CAFA purposes exceeds the $5 million threshold set forth under 28 U.S.C. § 1332(d)(2).

| Claim | CAFA Amount in Controversy |
|---|---|
| Alleged Unpaid Meal Period Damages | $2,374,254 (including double damages) |
| Alleged "Additional" Meal Period Damages | $2,374,254 (including double damages) |
| Alleged Rest Break Damages | $395,709 (including double damages) |
| Other Relief:<br>Attorneys' Fees | $1,286,054 |
| **Total** | **$6,430,272** |

In sum, Plaintiff seeks relief of at least $6,430,272.

**D. Compliance with Procedural Requirements for Removal.**

46. Consistent with 28 U.S.C. § 1446, Defendants provide this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

47. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all exhibits, is being served upon counsel for Plaintiff and a copy of this Notice of Removal, with all exhibits, is being filed with the Clerk of the Superior Court of King County.

48. As required by LCR 101(b), Defendants are contemporaneously filing with this Notice of Removal (a) a copy of the operative complaint (**Exhibit A**) attached as a separate



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

"attachment" in the electronic filing system and labeled as the "complaint;" (b) a certificate of service that lists all counsel who have appeared in this action together with their contact information, including email address; (c) Plaintiff's jury demand filed August 11, 2026; and (d) a completed Civil Cover Sheet.

49. As required by LCR 101(c), Defendants are filing defense counsel's verification with copies of all additional records and proceedings in the state court.

50. Defendants have complied with all applicable local rules for the Western District of Washington regarding this Notice of Removal.

51. Because Defendants have shown that federal jurisdiction has been established over this action, Plaintiff bears the burden of proof to show that an exception to CAFA removal applies and justifies remand. *See Serrano v. 180 Connect, Inc.*, 478 F. 3d 1018, 1024 (9th Cir. 2007). Plaintiff cannot meet this burden, as no exceptions apply to this action. Defendants expressly reserve their right to contest and further brief the applicability of any exception to removal under CAFA that Plaintiff may identify in any motion for remand.

## II. RESERVATION OF RIGHTS

52. Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to defenses stated in Federal Rule of Civil Procedure 12(b), defenses to class certification, defenses on the merits, and defenses to claims for potential damages by Plaintiff or any other individual.

## III. CONCLUSION

53. In sum, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

i. This is a civil action that is a "class action" within the meaning of § 1332(d)(1)(B);

ii. The action involves a putative class of at least 100 members, as required by § 1332(d)(5)(B);



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

iii. The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

iv. At least one member of the putative class is a citizen of a state different from that of any defendant, as required by § 1332(d)(2)(A).

54. Accordingly, this action is properly removable under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

WHEREFORE, Defendants respectfully request that this action now pending in the Superior Court of the State of Washington in and for King County be removed to the United States District Court for the Western District of Washington at Seattle.

Respectfully submitted this August 17, 2026.

SEYFARTH SHAW LLP

By: *\/s/Devin Smith*
Devin Smith, WSBA No. 42219

*\/s/Rebecca Lynch*
Rebecca Lynch, Bar No. 58018
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone: (206) 946-4910
Email: devinsmith@seyfarth.com
rlynch@seyfarth.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, I have caused a true and correct copy of the foregoing to be filed via the CM/ECF system, and to be served upon the following, via the method(s) indicated below:

Timothy W. Emery, WSBA No 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
P: (206) 442-9106
Email:
emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
hannah@emeryreddy.com

*Attorneys for Plaintiff*

☐ via U.S. Mail, Postage Prepaid
☐ via Messenger Service
☒ via USDC Western WA CM/ECF
☒ via Email:

DATED August 17, 2026, at Seattle, Washington.

*/s/Kathy Wheat*
Kathy Wheat, Legal Assistant
SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, WA 98104-4041
T: (206) 946-4910
kwheat@seyfarth.com